## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-20110-CR-GAYLES/GOODMAN(s)

18 U.S.C. § 1958
18 U.S.C. § 2261A(2)(A)
18 U.S.C. § 1952(a)(2)
18 U.S.C. § 1952(a)(3)
18 U.S.C. § 844(i)
18 U.S.C. § 844(h)
18 U.S.C. § 1503
18 U.S.C. § 981(a)(1)(C)

FILED BY_____ *MP* _____D.C.

*Jul 31, 2024*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

vs.

BAYRON BENNETT,
FAUSTO VILLAR,
    a/k/a "Cuba,"
AVERY BIVINS,
CLEMENTA JOHNSON,
VERNON GREEN,
DIORI BARNARD,
JERREN KEITH HOWARD,
    a/k/a "Blood,"
    a/k/a "Omerta Bloody,"
MICHAEL JOSE DULFO,
    a/k/a "Mike Dulfo,"
    a/k/a "Mike D,"
EDNER ETIENNE,

        Defendants.
_____/

### SUPERSEDING INDICTMENT

The Grand Jury charges that:

## COUNT 1
### Murder for Hire Conspiracy
### 18 U.S.C. § 1958

From in or around June 2022, the exact date being unknown to the Grand Jury, continuing through on or about July 16, 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**BAYRON BENNETT,**
**FAUSTO VILLAR,**
**AVERY BIVINS,**
**DIORI BARNARD,**
**CLEMENTA JOHNSON, and**
**VERNON GREEN,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and persons known and unknown to the Grand Jury, to use, and cause another to use, any facility of interstate and foreign commerce, with intent that the murder of Victim 1 be committed in violation of the laws of the State of Florida as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, in violation of Title 18, United States Code, Section 1958(a).

### PURPOSE OF THE CONSPIRACY

The purpose of the conspiracy was to intimidate, threaten and ultimately kill Victim 1. Unindicted Co-conspirator 1, **BAYRON BENNETT, FAUSTO VILLAR, AVERY BIVINS, DIORI BARNARD, CLEMENTA JOHNSON, VERNON GREEN,** and their co-conspirators formed the conspiracy to kill Unindicted Co-conspirator 1's estranged wife, Victim 1.

2

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of the conspiracy included, among other things, the following:

1. **BAYRON BENNETT, FAUSTO VILLAR, AVERY BIVINS, DIORI BARNARD, CLEMENTA JOHNSON, VERNON GREEN**, Unindicted Co-conspirator 1, and others known and unknown to the Grand Jury used facilities and channels of interstate commerce, that is, cellular phones, electronic devices, internet search engines, websites, mobile payment service applications, motor vehicles, the internet and cellular telephone networks, to coordinate efforts to kill Victim 1.

2. **BAYRON BENNETT, FAUSTO VILLAR, AVERY BIVINS, DIORI BARNARD, CLEMENTA JOHNSON, VERNON GREEN**, Unindicted Co-conspirator 1, and others known and unknown to the Grand Jury stalked, intimidated, and physically attacked Victim 1 to prevent Victim 1 from attending divorce proceedings before the State of Florida's Eleventh Judicial Circuit.

3. From in or around June 2022 through on or about July 16, 2024, Unindicted Co-conspirator 1 directed at least two distinct crews to stalk, intimidate and ultimately to kill Victim 1. The first crew, coordinated by **BAYRON BENNETT,** made numerous attempts to intimidate and kill Victim 1 through acts such as arsons, a staged home invasion robbery and poisoning with cyanide, arsenic, and fentanyl. Co-conspirator 1 directed **BAYRON BENNETT** and his crew in this scheme and insisted that **BENNETT** deal exclusively with Co-conspirator 1 to conceal his involvement in this murder for hire scheme.

4. More specifically, as part of this scheme, **BAYRON BENNETT** used his crew, consisting of **JERREN KEITH HOWARD, MICHAEL JOSE DULFO,** and **EDNER**

3

**ETIENNE,** to harass, threaten and attempt to kill Victim 1 through acts of arson and by ramming a truck into Victim 1's car. Unindicted Co-conspirator 1 also directed **BENNETT**'s crew to commit an arson of his own vehicle on September 7, 2023, thereby generating a false police report, and further solicited individuals to shoot a firearm at his property -- all in an effort to conceal his involvement in the murder for hire scheme.

5. From at least in or around October 2023 through on or about July 16, 2024, Unindicted Co-conspirator 1 directed a second crew, coordinated by **FAUSTO VILLAR,** to stalk, threaten, intimidate and kill Victim 1. The second crew consisted of **AVERY BIVINS, CLEMENTA JOHNSON, DIORI BARNARD,** and **VERNON GREEN.** The second crew sought to stalk and intimate Victim 1 by tracking her movements in Miami Dade and Monroe Counties, entering her property masked and without consent, and menacing others on her property by pointing a gun at their head. Co-conspirator 1 provided the second crew with a financial incentive to ensure the crime was not traced back to him. Co-conspirator 1 suggested that the second crew should kill Victim 1 by injecting her with a provided liquid substance to make her death appear to be a heart attack. Once again, Co-conspirator 1 insisted on dealing exclusively with **VILLAR** to conceal his involvement in this murder for hire scheme.

All in violation of Title 18, Untied States Code, Section 1958(a).

### COUNT 2
### Murder for Hire
### 18 U.S.C. § 1958

From in or around June 2022, the exact date being unknown to the Grand Jury, continuing through on or about March 7, 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**BAYRON BENNETT,**

4

did use, and cause another to use, any facility of interstate and foreign commerce, with intent that the murder of Victim 1 be committed in violation of the laws of the State of Florida as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, in violation of Title 18, United States Code, Sections 1958(a) and 2.

## COUNT 3
### Stalking
### 18 U.S.C. § 2261A

Beginning from in or around June 2022, the exact date being unknown to the Grand Jury, and continuing through on or about March 7, 2024, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,**
**MICHAEL JOSE DULFO,**
**JERREN KEITH HOWARD, and**
**EDNER ETIENNE,**

did, with the intent to kill, injure, intimidate, and place under surveillance with intent to kill, injure, and intimidate another person, that is, Victim 1, use any interactive computer service and electronic communication service and electronic communication system and any other facility of interstate and foreign commerce to engage in a course of conduct that placed that person in reasonable fear of death and serious bodily injury, in violation of Title 18, United States Code, Sections 2261A(2)(A) and 2.

Pursuant to Title 18, United States Code, Section 2261(b)(3), it is further alleged that the defendants used a dangerous weapon during the offense.

## COUNT 4
### Racketeering Promotion
### 18 U.S.C. § 1952(a)(3)

From in or around June 2022, through on or about July 2, 2022, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

### BAYRON BENNETT,
### MICHAEL JOSE DULFO, and
### JERREN KEITH HOWARD,

did knowingly use facilities in interstate and foreign commerce to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, and thereafter performed and attempted to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

Pursuant to Title 18, United States Code, Section 1952(b), it is further alleged that the unlawful activity is, Arson, in violation of Title 18, United States Code, Section 844(h) and (i), and Florida Statute 806.01(a) and (b).

## COUNT 5
### Arson
### 18 U.S.C. § 844(i)

On or about July 2, 2022, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

### BAYRON BENNETT,
### JERREN KEITH HOWARD, and
### MICHAEL JOSE DULFO,

did maliciously damage and destroy, and attempt to damage and destroy, and cause to be damaged and destroyed by means of fire, a vehicle used in interstate and foreign commerce and in any

activity affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 844(i) and 2.

## COUNT 6
### Use of Fire to Commit a Felony
### 18 U.S.C. § 844(h)

On or about July 2, 2022, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,**
**JERREN KEITH HOWARD, and**
**MICHAEL JOSE DULFO,**

did knowingly use fire, namely the ignition of a flammable liquid previously poured on a motor vehicle, to commit a felony which may be prosecuted in a court of the United States.

It is further alleged that the felony promoted by the use of fire was Racketeering Promotion, in violation of Title 18, United States Code, Section 1952(a)(3), and Stalking, in violation of Title 18, United States Code, Section 2261A(2).

In violation of Title 18, United States Code, Sections 844(h) and 2.

## COUNT 7
### Racketeering Promotion
### 18 U.S.C. § 1952(a)(3)

From on or about July 3, 2022, through on or about August 12, 2023, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,**
**JERREN KEITH HOWARD,**
**MICHAEL JOSE DULFO, and**
**EDNER ETIENNE,**

did knowingly use facilities in interstate and foreign commerce to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful

7

activity, and thereafter performed and attempted to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

Pursuant to Title 18, United States Code, Section 1952(b), it is further alleged that the unlawful activity is, Arson, in violation of Title 18, United States Code, Section 844(h) and (i), and Florida Statute 806.01(a) and (b).

## COUNT 8
### Arson
### 18 U.S.C. § 844(i)

On or about August 12, 2023, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,**
**MICHAEL JOSE DULFO,**
**JERREN KEITH HOWARD, and**
**EDNER ETIENNE,**

did maliciously damage and destroy, and attempt to damage and destroy, and cause to be damaged and destroyed by means of fire, a vehicle used in interstate and foreign commerce and in any activity affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 844(i) and 2.

## COUNT 9
### Use of Fire to Commit a Felony
### 18 U.S.C. § 844(h)

On or about August 12, 2023, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,**
**MICHAEL JOSE DULFO,**
**JERREN KEITH HOWARD, and**

8

**EDNER ETIENNE,**

did knowingly use fire, namely the ignition of a flammable liquid previously poured on a motor vehicle, to commit a felony which may be prosecuted in a court of the United States.

It is further alleged that the felony promoted by the use of fire was Racketeering Promotion, in violation of Title 18, United States Code, Section 1952(a)(3), and Stalking, in violation of Title 18, United States Code, Section 2261A(2).

In violation of Title 18, United States Code, Sections 844(h) and 2.

## COUNT 10
### Racketeering Promotion
### 18 U.S.C. § 1952(a)(3)

From on or about August 13, 2023, through on or about September 7, 2023, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,**
**JERREN KEITH HOWARD,**
**MICHAEL JOSE DULFO, and**
**EDNER ETIENNE,**

did knowingly use facilities in interstate and foreign commerce to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, and thereafter performed and attempted to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

Pursuant to Title 18, United States Code, Section 1952(b), it is further alleged that the unlawful activity is Arson, in violation of Title 18, United States Code, Section 844(h) and (i), and Florida Statute 806.01(a) and (b).

9

## COUNT 11
**Arson**
**18 U.S.C. § 844(i)**

On or about September 7, 2023, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,**
**MICHAEL JOSE DULFO,**
**JERREN KEITH HOWARD, and**
**EDNER ETIENNE,**

did maliciously damage and destroy, and attempt to damage and destroy, and cause to be damaged and destroyed by means of fire, a vehicle used in interstate and foreign commerce and in any activity affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 844(i) and 2.

## COUNT 12
**Use of Fire to Commit a Felony**
**18 U.S.C. § 844(h)**

On or about September 7, 2023, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**BAYRON BENNETT,**
**MICHAEL JOSE DULFO,**
**JERREN KEITH HOWARD, and**
**EDNER ETIENNE,**

did knowingly use fire, namely the ignition of a flammable liquid previously poured on a motor vehicle, to commit a felony which may be prosecuted in a court of the United States.

It is further alleged that the felony promoted by the use of fire was Racketeering Promotion, in violation of Title 18, United States Code, Section 1952(a)(3), and Stalking, in violation of Title 18, United States Code, Section 2261A(2).

In violation of Title 18, United States Code, Sections 844(h) and 2.

## COUNT 13
### Murder for Hire
### 18 U.S.C. § 1958

From in or around October 2023, the exact date being unknown to the Grand Jury, continuing through on or about July 16, 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**FAUSTO VILLAR,**
**AVERY BIVINS,**
**DIORI BARNARD,**
**CLEMENTA JOHNSON, and**
**VERNON GREEN,**

did use, and cause another to use, any facility of interstate and foreign commerce, with intent that the murder of Victim 1 be committed in violation of the laws of the State of Florida as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value, in violation of Title 18, United States Code, Sections 1958(a) and 2.

## COUNT 14
### Stalking
### 18 U.S.C. § 2261A

Beginning from on or about June 5, 2024, the exact date being unknown to the Grand Jury, and continuing through on or about June 27, 2024, in Miami-Dade and Monroe Counties, in the Southern District of Florida and elsewhere, the defendants,

**FAUSTO VILLAR,**
**AVERY BIVINS,**
**DIORI BARNARD,**
**CLEMENTA JOHNSON, and**
**VERNON GREEN,**

11

did, with the intent to kill, injure, intimidate, and place under surveillance with intent to kill, injure, and intimidate another person, that is, Victim 1, use any interactive computer service and electronic communication service and electronic communication system and any other facility of interstate and foreign commerce to engage in a course of conduct that placed that person in reasonable fear of death and serious bodily injury, in violation of Title 18, United States Code, Sections 2261A(2)(A) and 2.

Pursuant to Title 18, United States Code, Section 2261(b)(3), it is further alleged that the defendants used a dangerous weapon during the offense.

### COUNT 15
**Possession of a Firearm and Ammunition by a Convicted Felon**
**18 U.S.C. § 922(g)(1)**

On or about June 23, 2024, in Miami-Dade County, in the Southern District of Florida, the defendants,

**DIORI BARNARD,**
**CLEMENTA JOHNSON, and**
**VERNON GREEN,**

did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce, knowing that they had each previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

It is further alleged that the firearm and ammunition were:

1. One (1) Kahr 9mm handgun bearing serial number VA1573; and
2. Six (6) live 9mm rounds of ammunition.

12

## COUNT 16
### Brandishing of a Firearm in Furtherance of a Crime of Violence
### 18 U.S.C. § 924(c)(1)(A)(ii)

On or about June 23, 2024, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**FAUSTO VILLAR,**
**AVERY BIVINS,**
**DIORI BARNARD,**
**CLEMENTA JOHNSON, and**
**VERNON GREEN,**

did knowingly use and carry a firearm during and in relation to a crime of violence, and did knowingly possess a firearm in furtherance of a crime of violence, an offense for which the defendants may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Sections 1952(a)(2) and 2261A, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

## COUNT 17
### Obstruction of Justice
### 18 U.S.C. § 1503(a)

On or about July 15, 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**FAUSTO VILLAR,**

did corruptly influence, obstruct, and impede, and endeavor to influence, obstruct, and impede, the due and proper administration of justice, specifically by directing others to provide false information to agents of the Federal Bureau of Investigation for the purpose of obstructing an

investigation of crimes committed against Victim 1, in violation of Title 18, United States Code, Sections 1503(a) and 2.

## FORFEITURE ALLEGATIONS

1.    The allegations of this Superseding Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, **BAYRON BENNETT, FAUSTO VILLAR, AVERY BIVINS, VERNON GREEN, DIORI BARNARD, MICHAEL JOSE DULFO, JERREN KEITH HOWARD,** and **EDNER ETIENNE,** have an interest.

2.    Upon conviction of a violation of Title 18, United States Code, Sections 844, 1503, 1952, and/or 1958, as alleged in this Superseding Indictment, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation. .

3.    Upon conviction of a violation of Title 18, United States Code, Section 922 and/or Section 924, or any violation of any other criminal law of the United States, as alleged in this Superseding Indictment, the defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1), any firearm and/or ammunition involved in or used in such violation.

All pursuant to Title 18, United States Code, Sections 981(a)(1(C), 924(d)(1), and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code, Section 2461(c).

14

All pursuant to Title 18, United States Code, Sections 981(a)(1(C), 982(a)(1), 924(d)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

IGNACIO J. VÁZQUEZ, JR.
ASSISTANT UNITED STATES ATTORNEY

ABBIE D. WAXMAN
ASSISTANT UNITED STATES ATTORNEY

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

**CASE NO.:** _____

v.

**CERTIFICATE OF TRIAL ATTORNEY**

BAYRON BENNETT, et al.,

_____/

              Defendants.

**Superseding Case Information:**

New Defendant(s) (Yes or No) Yes
Number of New Defendants  5
Total number of new counts  11

**Court Division** (select one)
- ☒ Miami    ☐ Key West    ☐ FTP
- ☐ FTL    ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take  15  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☐ 0 to 5 days                 ☐ Petty
   II   ☐ 6 to 10 days                ☐ Minor
   III  ☒ 11 to 20 days               ☐ Misdemeanor
   IV   ☐ 21 to 60 days               ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 24-mj-02454, 02460, 03455

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of March 7, 2024 and July 1, 13, and 16, 2024

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____

ABBIE D. WAXMAN

Assistant United States Attorney

FL Bar No.    109315

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:**  **FUASTO VILLAR**

**Case No:**  24-20110-CR-GAYLES/GOODMAN(s)

Count #: 1

Murder for Hire Conspiracy

Title 18, United States Code, Section 1958
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $250,000**

Count #: 13

Murder for Hire

Title 18, United States Code, Section 1958
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $250,000**

Count #: 14

Stalking

Title 18, United States Code, Section 2261A
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

Count #: 16

Brandishing a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(ii)
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): 7 years**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**\* Max. Supervised Release: 5 years**
**\* Max. Fine: $250,000**

Count #: 17

Obstruction of Justice

Title 18, United States Code, Section 1503
**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __BAYRON BENNETT__

**Case No:** __24-20110-CR-GAYLES/GOODMAN(s)__

Count #: 1

Murder for Hire Conspiracy
Title 18, United States Code, Section 1958

**\* Max. Term of Imprisonment: Life**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 5 years**
**\* Max. Fine:  $250,000**

Count #: 2

Murder for Hire
Title 18, United States Code, Section 1958

**\* Max. Term of Imprisonment: Life**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 5 years**
**\* Max. Fine:  $250,000**

Count #: 3

Stalking

Title 18, United States Code, Section 2261A
**\* Max. Term of Imprisonment: 10 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Counts #: 4, 7, 10

Racketeering Promotion

Title 18, United States Code, Section 1952
**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Counts #: 5, 8, 11

Arson

Title 18, United States Code, Section 844(i)
**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): 5 years**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine:  $250,000**

Counts #: 6, 9, 12

Use of Fire in furtherance of a felony

Title 18, United States Code, Section 844(h)
**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): 10 years for 1st offense, 20 years for subsequent offenses**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.    It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:  AVERY BIVINS**

**Case No**:  24-20110-CR-GAYLES/GOODMAN(s)

Count #: 1

Murder for Hire Conspiracy

Title 18, United States Code, Section 1958
**\* Max. Term of Imprisonment: Life**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 5 years**
**\* Max. Fine: $250,000**

Count #: 13

Murder for Hire

Title 18, United States Code, Section 1958
**\* Max. Term of Imprisonment: Life**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 5 years**
**\* Max. Fine: $250,000**

Count #: 14

Stalking

Title 18, United States Code, Section 2261A
**\* Max. Term of Imprisonment: 10 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): 5 years**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine:  $250,000**

Count #: 16

Brandishing a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(ii)
**\* Max. Term of Imprisonment: Life**
**\* Mandatory Min. Term of Imprisonment (if applicable): 7 years**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

* Max. Supervised Release: 5 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:  CLEMENTA JOHNSON**

**Case No:**  24-20110-CR-GAYLES/GOODMAN(s)

Count #: 1

Murder for Hire Conspiracy

Title 18, United States Code, Section 1958
**\* Max. Term of Imprisonment: Life**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 5 years**
**\* Max. Fine: $250,000**

Count #: 13

Murder for Hire

Title 18, United States Code, Section 1958
**\* Max. Term of Imprisonment: Life**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**
**\* Max. Supervised Release: 5 years**
**\* Max. Fine: $250,000**

Count #: 14

Stalking

Title 18, United States Code, Section 2261A
**\* Max. Term of Imprisonment: 10 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): 5 years**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine:  $250,000**

Count #: 15

Possession of a Firearm and Ammunition by a Convicted Felon

Title 18, United States Code, Section 924(c)(1)(A)(ii)
**\* Max. Term of Imprisonment: 20 years**
**\* Mandatory Min. Term of Imprisonment (if applicable): N/A**

**\*Refers only to possible term of incarceration, supervised release and fines.    It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 16

Brandishing a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(ii)
**\* Max. Term of Imprisonment: Life**
**\* Mandatory Min. Term of Imprisonment (if applicable): 7 years**
**\* Max. Supervised Release: 5 years**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** __VERNON GREEN__

**Case No:** __24-20110-CR-GAYLES/GOODMAN(s)__

Count #: 1

Murder for Hire Conspiracy

Title 18, United States Code, Section 1958
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $250,000**

Count #: 13

Murder for Hire

Title 18, United States Code, Section 1958
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $250,000**

Count #: 14

Stalking

Title 18, United States Code, Section 2261A
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

Count #: 15

Possession of a Firearm and Ammunition by a Convicted Felon

Title 18, United States Code, Section 924(c)(1)(A)(ii)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 16

Brandishing a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(ii)
**\* Max. Term of Imprisonment: Life**
**\* Mandatory Min. Term of Imprisonment (if applicable): 7 years**
**\* Max. Supervised Release: 5 years**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:  DIORI BARNARD**

**Case No**:  24-20110-CR-GAYLES/GOODMAN(s)

Count #: 1

Murder for Hire Conspiracy

Title 18, United States Code, Section 1958
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $250,000**

Count #: 13

Murder for Hire

Title 18, United States Code, Section 1958
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $250,000**

Count #: 14

Stalking

Title 18, United States Code, Section 2261A
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

Count #: 15

Possession of a Firearm and Ammunition by a Convicted Felon

Title 18, United States Code, Section 924(c)(1)(A)(ii)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

Count #: 16

Brandishing a Firearm in Furtherance of a Crime of Violence

Title 18, United States Code, Section 924(c)(1)(A)(ii)
**\* Max. Term of Imprisonment: Life**
**\* Mandatory Min. Term of Imprisonment (if applicable): 7 years**
**\* Max. Supervised Release: 5 years**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:   JERREN KEITH HOWARD**

**Case No:**   24-20110-CR-GAYLES/GOODMAN(s)

Count #: 3

Stalking

Title 18, United States Code, Section 2261A
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Counts #: 4, 7, 10

Racketeering Promotion

Title 18, United States Code, Section 1952
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Counts #: 5, 8, 11

Arson

Title 18, United States Code, Section 844(i)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

Counts #: 6, 9, 12

Use of Fire in furtherance of a felony

Title 18, United States Code, Section 844(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years for 1st offense, 20 years**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**for subsequent offenses**
**\* Max. Supervised Release: 3 years**
**\* Max. Fine: $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:  MICHAEL JOSE DULFO**

**Case No**:  24-20110-CR-GAYLES/GOODMAN(s)

Count #: 3

Stalking

Title 18, United States Code, Section 2261A
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Counts #: 4, 7, 10

Racketeering Promotion

Title 18, United States Code, Section 1952
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000**

Counts #: 5, 8, 11

Arson

Title 18, United States Code, Section 844(i)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000**

Counts #: 6, 9, 12

Use of Fire in furtherance of a felony

Title 18, United States Code, Section 844(h)
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): 10 years for 1st offense, 20 years**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include
restitution, special assessments, parole terms, or forfeitures that may be applicable.**